# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

SIGFRID N. BRADSHAW, :
:
    Plaintiff, :
:
v. : Civil Action No.
: 7:11-cv-51 (HL)
VALDOSTA HIGH SCHOOL, :
:
    Defendant. :
_____:

## ORDER

Before the Court is Plaintiff Sigfrid N. Bradshaw's ("Bradshaw") [7] Amended Complaint. For the following reasons, the complaints are dismissed with prejudice because they fail to state a claim.

## I. BACKGROUND

Bradshaw requested to proceed in forma pauperis ("IFP"). The Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that he was unable to pay the costs and fees associated with his suit, but that his complaint was frivolous. The Court granted Bradshaw IFP status and allowed Bradshaw to amend his complaint.

Bradshaw filed an amended complaint. The entirety of his first complaint and amended complaint read as follows:

> Discrimination act from obtaining diploma.
> Discrimination act of receiving a high school diploma and taking CRCT test in becoming a high school graduate for term of college or university.

The amended complaint fails to state a claim. As a result it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.   § 1915 SCREENING STANDARD

The decision to dismiss a complaint for failure to state a claim under § 1915(e)(2) is the same as is employed when ruling on a Rule 12(b)(6) motion to dismiss. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A complaint is subject to dismissal if it does not contain enough factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in original).   It must be kept in mind that a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S.89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

Bradshaw's complaints are unintelligible, even when construed liberally. There are two sentences that describe discrimination regarding a high school diploma . There are no factual allegations that form the basis of his complaint, there is no description of any legal theory, and no allegation against any particular Defendant. Accordingly, his complaints do not raise a right to relief above the speculative level and must be dismissed with prejudice.

The case is closed. The pending motion for recusal (Doc. 6) is denied as moot. The Clerk of Court is directed to mail a copy of this Order to Bradshaw at the address provided by Bradshaw. The Clerk of Court is also directed to make an entry on the record showing when this Order was mailed to Bradshaw.

**SO ORDERED**, this the 2nd day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc